\*TRUSTEES OF NOBLE TOWNSHIP v. WAY.

PROVIDING FOR THE RELIEF OF THE POOR.

Trustees of township may, in a proper case, afford public relief to persons in a condition requiring the same, without waiting for the notice provided for in section 1494.

ERROR to the Court of Common Pleas of Noble county.

WOODBURY, J.

Dr. Way brought an action against the Trustees of Noble township, to recover the value of medical and surgical services rendered by him to John Smith, a pauper, resident in said township.

The petition further alleges that Smith, at the time, was in a condition requiring the services of a physician and surgeon; that he was a *bona fide* resident of said township, and that Dr. Way was a practicing physician and surgeon. "That prior to the rendering of said services and furnishing said medicines, notice, according to law, was given to the trustees of said township, and said plaintiff was directed and instructed by the trustees of said township to treat John Smith for his then sickness and ailment, which medicines and services were thereafter rendered and furnished in pursuance of said directions and instructions." That said account was just and reasonable, and that payment of any part had been refused by the trustees.

To this petition the defendant demurred, which was overruled, and plaintiff had judgment below.

The overruling of that demurrer is assigned for error.

It is insisted by counsel for plaintiff in error, that the liability of the township is fixed by section 1494 of Revised Statutes, and that the extent of that liability is such amount as the trustees determine to be just and reasonable. That the award of the trustees is the sole, final and exclusive remedy for a claimant such as this.

It is claimed for defendant in error, that under section 1494 the trustees must determine a just and reasonable sum; that the trustees cannot determine nothing to be a reasonable compensation.

The view we take of this case renders it unnecessary to consider the conflicting claims of counsel as to the proper construction of that section. The general liability of the township is fixed, not by section 1494, but by section 1491. That section provides that the trustees of each township shall afford, at the expense of their townships, public relief to all persons therein, who may be in a condition requiring the same, subject to the conditions, provisions and limitations thereafter following. The next two sections provide who shall be entitled to relief, and how a person's settlement is to be determined. The next section (1494) then provides, that when a person is in a condition requiring relief, or the services of a physician or surgeon, complaint thereof shall be forthwith made to the trustees, and if medical services are required, the physician called shall immediately notify the trustees in writing, and thereupon the township shall be liable only in such amount as the trustees determine to be just and reasonable.

It will be observed, that if a person desires to charge the trustees with the relief of a pauper, without their consent, that it can be done only by giving notice under section 1494. And when notice has been given in a proper case, the township becomes liable. But this section is simply a limitation upon section 1491,

---

\* A case under the same statute, involving similar questions, has been decided by the Supreme Court. See opinion 48 O. S., 577.

and the petition in this case makes a different case from that provided for in the former section. The petition charges that the trustees directed and instructed plaintiff to treat Smith, and that he thereafter rendered said services in pursuance of said direction and instruction.

It is not the case of a physician treating a pauper, who immediately after entering upon the service notifies the trustees of that fact; but it is the case of the trustees, having a person on their hands in a condition requiring public relief, directing and instructing a physician to furnish the relief, who thereafter does so.

The provision of section 1494 is not exclusive.

The trustees, in a proper case, under section 1491, may furnish the relief, and if the trustees take the initiative and solicit a person to furnish the relief in a proper case, the township becomes liable for its reasonable value. The township is liable generally for relief under the first section; but is liable only in the manner pointed out in the subsequent sections, where the relief was furnished in pursuance of them.

The trustees are not liable because he notified them after entering on the service, but because they notified him to render the service, which he thereafter did. The demurrer was properly overruled.

Judgment affirmed.

McGinniss & Weems, for plaintiff in error.

D. S. Spriggs, for defendant in error.